**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **TIMOTHY HUNT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:11-00319 |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

The Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, by counsel, Christopher Krivonyak, Assistant United States Attorney for the Southern District of West Virginia, has moved the Court to remand the above-styled case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). (Document No. 12.) Defendant states that he requests a voluntary remand because "significant portions of the recording of the hearings held on April 14, 2009, are inaudible." (Document No. 12 at 1.) Defendant further states that "[u]pon receipt of the Court order, the Appeals Council will remand the case to an Administrative Law Judge for a de novo hearing."

(Id.).

Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer . . .." It is clear that Defendant makes a proper request for remand procedurally because he has not filed an Answer or other pleading responsive to Plaintiff's Complaint.[1] Defendant's inability to

---

[1] Remand may be ordered under sentence six in only two situations: where, as here, the Commissioner "requests a remand before answering the complaint, or where new, material evidence

compile a complete administrative record for this Court's review establishes good cause to remand this case so that he can do so or reconstruct the record. See H.R.Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Accordingly, there being good cause for the Defendant's Motion to Remand and there being no objection, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **GRANT** the Defendant's Motion for Remand (Document No. 12.) and **REMAND** Plaintiff's case to the Commissioner pursuant to the sixth Sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the unopposed Motion. Because the undersigned recommends remand of this case pursuant to sentence six of 42 U.S.C. § 405(g), the undersigned "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). The Court shall retain jurisdiction over the case. In view of these circumstances, the undersigned hereby recommends that the District Court direct the Clerk of the Court to close the case statistically, noting that this case is to be reopened statistically when Defendant files an Answer or other pleading responsive to Plaintiff's Complaint along with a transcript of the administrative proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

---

is adduced that was for good cause not presented before the agency." *Shalala v. Schafer*, 509 U.S. 292, 297, n. 2, 113 S.Ct. 2625, 2629, n. 2, 125 L.Ed.2d 239 (1993)(Citations omitted.)

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

ENTER: December 6, 2011.

R. Clarke VanDervort
United States Magistrate Judge